UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Lori Miracle, et al.,                                                       Case No. 3:17-cv-788

                Plaintiffs,


              v.                                                      MEMORANDUM OPINION
                                                                 AND ORDER

JPVS Import Export, Inc., et al.,

                Defendants.


## I.     INTRODUCTION

Citizens Insurance Company of the Midwest seeks to intervene in this diversity action pursuant to Rule 24. (Doc. No. 30). Plaintiffs Lori Miracle, Marc Miracle, and John Brown have filed a brief in opposition to Citizens' motion, (Doc. No. 33), as have Defendants JPVS Import Export, Inc., and Danijel Aramovic. (Doc. No. 34). Citizens filed a brief in reply. (Doc. No. 37). For the reasons stated below, I grant Citizens' motion to intervene.

## II.     BACKGROUND

Plaintiffs Lori Miracle and John Brown were injured when the vehicle in which they were riding was hit by a semi-tractor trailer operated by Aramovic. At the time of the accident, Aramovic was an employee of JPVS. Citizens paid no-fault insurance benefits to Brown and Lori pursuant to Section 500.3101, *et seq.*, of the Michigan Compiled Laws. (Doc. No. 30 at 2-3). Citizens now seeks

to intervene in this litigation in order to assert its statutory right of subrogation. (Doc. No. 30 at 3 (citing M.C.L. § 500.3116)).

### III. STANDARD

Rule 24(a) permits a party to intervene in an action if the party timely "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2); *see Americans United for Separation of Church & State v. City of Grand Rapids*, 922 F.2d 303, 305 (6th Cir. 1990).

### IV. ANALYSIS

Defendants contend Citizens' motion should be denied because it is untimely. (Doc. No. 34 at 4-6). A district court has discretion to determine whether an intervenor's motions is timely. *Stotts v. Memphis Fire Dep't*, 679 F.2d 579, 582 (6th Cir. 1982). Among the factors a court may consider are

> (1) the purpose for which intervention is sought; (2) the length of time preceding the application for intervention during which the proposed intervenor knew or reasonably should have known of his interest in the case; (3) the prejudice to the original parties due to the proposed intervenor's failure after he knew of or reasonably should have known of his interest in the case to apply promptly for intervention; (4) the existence of unusual circumstances militating against or in favor of intervention; and (5) the point to which the suit has progressed.

*Id.*

As Defendants note, Citizens filed its motion to intervene nearly a year and a half after Plaintiffs filed their complaint. Citizens indicates, however, it filed the motion because "[o]nly recently has [Plaintiffs'] counsel advised that Plaintiffs would not adequately represent Citizens' subrogation interest." (Doc. No. 30 at 3).

Rule 24 places no deadline on timeliness, and Citizens' representations that it "does not anticipate requiring any additional discovery beyond discovery that has occurred in this matter

relative to Plaintiffs' claims and proofs for damages, presumably already presented to Defendants" minimizes any prejudice to the parties which potentially might have arisen from the temporal delay between filing of the complaint and the filing of Citizens' motion.[1] (Doc. No. 37 at 2). I conclude, under the circumstances, that Citizens filed its motion in a timely manner.

Next, both Plaintiffs and Defendants contend there is no basis for Citizens' motion to intervene because Plaintiffs seek only noneconomic damages and Michigan law does not permit Citizens to obtain reimbursement out of Plaintiffs' recovery of noneconomic damages. (Doc. No. 33 at 5-6); (Doc. No. 34 at 9-10). In effect, these arguments demonstrate why Citizens is entitled to intervene as of right.

Michigan law permits an insurer to obtain reimbursement for benefits it paid to its insured if the insured recovers damages on tort claims arising from an accident outside of Michigan. M.C.L. § 500.3116(2). The insurer may be reimbursed only out of the damages awarded for injuries otherwise covered by "personal protection insurance benefits." Id. Insurers may not obtain reimbursement out of any portion of the insured's recovery which is for "noneconomic loss." M.C.L. § 500.3116(4).

Plaintiffs acknowledge they initially alleged they incurred medical bills and suffered wage loss due to the accident. (Doc. No. 33 at 5). Plaintiffs seek to abandon those allegations, having agreed with Defendants that they only seek to recover noneconomic damages, and even preemptively argue they will seek leave to amend their complaint in order to remove any reference to medical losses or other economic damages. (*Id.* at 6). Plaintiffs do not claim there is no basis on which they could obtain economic damages. They simply no longer desire to pursue those damages.

---

[1] An intervenor's delay in filing a motion to intervene, while not sufficient to defeat its motion, may have an impact on any subsequent requests for discovery. *See, e.g., Maricco v. Meco Corp.*, 316 F. Supp. 2d 524, 527 (E.D. Mich. 2004).

3

Rule 24 anticipates precisely this scenario. A party may intervene as of right "unless existing parties adequately represent that [party's] interest." Fed. R. Civ. P. 24(a)(2). More to the point, where an insured might, "perhaps for strategic reasons, seek to downplay or ignore" the insured's claim for reimbursement of medical expenses paid by an insurer or, "for whatever reason, fail to present evidence encompassing all of the medical expenses paid by their insurer," the insurer is entitled to intervene in order to protect its statutory subrogation interest. *Maricco v. Meco Corp.*, 316 F. Supp. 2d 524, 527 (E.D. Mich. 2004); *see also Harris v. Gen. Coach Works*, 37 F.R.D. 343 (E.D. Mich. 1964) (holding a worker's compensation insurer seeking to assert a right of subrogation under Michigan law could intervene in litigation between an employee and the employer-insured).

Finally, Defendants claim Citizens failed to bring its subrogation claim within the one-year timeline described in M.C.L. § 500.3145. (Doc. No. 34 at 8-9). This argument is not persuasive, as an insurer must commence an action to enforce its rights of recovery or indemnity under § 500.3116 within one year of the date on which the insured receives payment of damages arising from the insured's tort claim, not the date on which the insured was injured or on which the insured filed suit. M.C.L. § 500.3146.

## V. CONCLUSION

For the reasons stated above, Citizens' motion to intervene, (Doc. No. 30), is granted.

So Ordered.

                                                 s/ Jeffrey J. Helmick
                                                 United States District Judge