UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Lori Miracle, *et al.*,

        Plaintiffs,

v.

JPVS Import Export, Inc., *et al.*,

        Defendants.

Case No. 3:17-cv-788

MEMORANDUM OPINION
AND ORDER

## I. INTRODUCTION

On April 12, 2017, Plaintiffs Lori and Marc Miracle, and John Brown filed a Complaint against Defendants JPVS Import Export, Inc. and Danijel Aramovic asserting negligence in relation to a motor vehicle accident. (Doc. No. 1). On November 5, 2019, I granted the motion of Citizens Insurance Company of the Midwest to intervene pursuant to Rule 24. (Doc. No. 38). Subsequently, Citizens Insurance filed its Intervenor's Complaint seeking reimbursement from Plaintiffs resulting from payments it made to Plaintiffs in accordance with Michigan's No-Fault Act (Mich. Comp. Laws § 500.3101, *et seq.*). (Doc. No. 40).

On June 18, 2021, Defendants filed a motion for summary judgment against Citizens Insurance. (Doc. 47). Defendants also moved to compel Citizens Insurance to make its required Rule 26(a) disclosures and requested sanctions for the failure pursuant to Rule 37. (*Id.* at 15). Plaintiffs concurred with Defendants' motion for summary judgment, motion to compel, and motion for sanctions against Citizens Insurance. (Doc. No. 48). Citizens Insurance opposed the motions, (Doc. No. 49), and Defendants replied. (Doc. No. 50).

## II. BACKGROUND

Michigan residents Lori Miracle and John Brown were injured when the vehicle in which they were riding was hit by a semi-tractor trailer operated by Aramovic in northwest Ohio. At the time of the accident, Aramovic was an employee of JPVS. Citizens Insurance paid no-fault insurance benefits to Lori Miracle and Brown pursuant to Section 500.3101 *et seq.*, of the Michigan Compiled Laws. Citizens Insurance intervened in the litigation to assert its statutory right to reimbursement. (*See* Doc. Nos. 1, 7 & 38).

## III. ANALYSIS

### A. MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the [record] . . . ,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Defendants' motion seeks summary judgment on two grounds: (1) Citizens Insurance is only entitled to reimbursement from Plaintiff's economic damages, and since Plaintiff has abandoned those claims, Citizens Insurance no longer has a valid claim for reimbursement; and (2) any potential subrogation claim is precluded by the "one-year-back" rule of Michigan's No-Fault Act. (Doc. 47 at 3).

Citizens Insurance devotes most of its opposition to arguing Ohio law should apply in this situation. (Doc. No. 49 at 4-5). According to Citizens Insurance: "Defendant is an Ohio resident, with a vehicle registered in and insured in Ohio. The subject-matter motor vehicle accident took

2

place in Ohio, as well. The only connection to Michigan is the Plaintiff's residency."[1] (*Id.* at 4). Unfortunately for Citizens Insurance, and unlike in baseball, going one for three on an accurate statement of the facts is not a good day.

"A federal court exercising diversity jurisdiction must apply the law of the forum state, including that state's choice of law principles." *Chase v. Humrichouser*, 214 F. Supp. 2d 799, 805 (N.D. Ohio 2002) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496 (1941)). In Ohio, actions involving the insured and the insurer typically sound in contract, even if tortious conduct triggers the applicable contract. *See Ohayon v. Safeco Ins. Co. of Illinois*, 747 N.E.2d 206, 211 (Ohio 2001). This is because "the rights created by an insurance contract should be determined 'by the law of the state which the parties understood was to be the principal location of the insured risk during the term of the policy . . . .'" *Id.* (quoting Restatement (Second) of Conflict of Laws §193).

Here, Citizens Insurance's sole claim for relief is for reimbursement under the Michigan No-Fault Act. (*See* Doc. No. 40 at 4). Although Citizens Insurance is not asking the Court to interpret its insurance policy to render it relief, the relief requested exists only because Citizens Insurance issued a policy subject to certain Michigan law requirements. Ohio courts "consistently apply Michigan's no-fault laws under similar circumstances." *Willis v. Wallace,* 597 F. Supp. 2d 737, 739 (N.D. Ohio 2009) (citing *Kurent v. Farmers Ins. of Columbus*, 581 N.E.2d 533, syllabus (Ohio 1991)). Since Citizens Insurance's only claim for relief asserts a statutory right under Michigan law stemming from a contract for insurance in Michigan, I find Michigan law governs Citizens Insurance's claim. *See Ohayon*, 747 N.E.2d at 211; (*see also* Doc. No. 38 at 3).

---

[1] Citizens does not cite the record for the existence of these alleged facts. That is likely because they do not exist in this case. Defendants JPVS and Aramovic are both residents of Illinois, not Ohio. (*See* Doc. No. 1 at 2; Doc. No. 7 at 1; Doc. No. 40 at 2). And the Plaintiffs' residence is not the sole connection to Michigan; there is also the insurance policy, written by Citizens Insurance and which underpins its entry into this litigation, that provides for no-fault coverage as required by Michigan law. (*See* Doc. No. 40 at 4).

### i. Right to Reimbursement

Under Michigan Compiled Law § 500.3116, an insurer may request reimbursement for personal protection insurance benefits ("PPI benefits") paid to an insured, in the event the insured recovers in a tort action for an accident occurring outside of Michigan. Mich. Comp. Laws § 500.3116(2). In the event the PPI benefits have already been paid, as alleged here, the insured "shall repay to the insurers out of the recovery an amount equal to the benefits received . . . ." *Id.* But reimbursement is not due to the insurer "to the extent [the] recovery is realized for noneconomic loss[.]" § 500.3116(4).

Defendants seek summary judgment against Citizens Insurance because they argue Plaintiffs are only seeking recovery for non-economic damages, and thus, reimbursement could not be made under Michigan law. (*See* Doc. No. 47 at 10). In support of their argument, Defendants cite to Plaintiffs' settlement demands which only reference non-economic damages. (*Id.*). But even Defendants acknowledge these settlement demands are not pleadings under Rule 7 and that the complaint still asserts claims for both economic and non-economic damages. (*Id.* at 12-13; *see also* Doc. No. 1 at 4); Fed. R. Civ. P. 7. Therefore, the record clearly establishes Plaintiffs' claims for economic damages are still a part of this litigation. I cannot accept another party's unsupported assertion that the Plaintiffs will not seek recovery for economic damages[2] as sufficient evidence to support summary judgment. Accordingly, summary judgment is denied.

### ii. Right to Subrogation

Defendants next argue Citizens Insurance's hypothetical subrogation claim is barred by the operation of the Michigan "one-year-back" rule found at § 500.3145. (Doc. No. 47 at 11-14). Pursuant to § 500.3145, when an insurer has already paid the PPI benefits, it must commence suit

---

[2] Over three years have passed since Plaintiffs raised the possibility of amending their complaint to dismiss their claims for economic damages, and they have not done so. (*See* Doc. No. 33 at 5).

within one year of its most recent PPI payment. Mich. Comp. Laws § 500.3145(1) & (2). Further, the recovery available is limited to losses incurred during the one-year preceding the lawsuit's filing. *Id.* at § 500.3145(2).

Defendants' position is premised upon Citizens Insurance's right to subrogation, which exists independent of its right to reimbursement under Michigan law. *Hanover Ins. Grp. v. Hernandez*, No. 19-cv-13486, 2020 WL 7043065, at *6 (E.D. Mich. Dec. 1, 2020) ("[T]he no-fault insurer, as subrogee to its insured – could seek the benefits as subrogee against Defendants who are out-of-state residents without Michigan no-fault insurance policies, and thus, do not participate in Michigan's no-fault insurance system."); *see also State Auto Ins. Cos. v. Velazquez*, 703 N.W.2d 223 (Mich. Ct. App. 2005) (holding that, despite insured's choice not to pursue economic damages and thus not create a duty to reimburse insurer, the insurer, as subrogee, could assert a right to those damages on the insured's behalf.). To be clear, Citizens Insurance has not alleged a subrogation claim against Defendants. (*See* Doc. No. 40).

Even if I were inclined to address the hypothetical situation posed by Defendants in their motion (*i.e.*, that Citizens Insurance moves to amend or supplement its complaint to include a subrogation claim and that such motion would be granted), Defendants have not presented sufficient facts to determine whether Michigan's "one-year-back" rule would preclude Citizens Insurance's subrogation claim. Defendants have cited to no evidence that establishes the date or dates Citizens Insurance made PPI benefit payments to Plaintiffs. Without an indication as to when the last payment was made, there is no way to calculate the applicable "one-year-back" period.

Thus, because there is no pending subrogation claim, and even if there was, Defendants have failed to provide sufficient evidence to demonstrate they are entitled to judgment as a matter of law, I deny summary judgment.

B. **MOTION TO COMPEL**

Defendants also moved to compel Citizens Insurance to make its Rule 26(a) disclosures. (Doc. No. 47 at 15). According to Defendants, Citizens Insurance has failed to timely produce the Rule 26(a) disclosures, as well as, failing to respond to communications from Defendants requesting these disclosures on May 28, 2021 and June 7, 2021. (*Id.*). Due to its failure to respond, Defendants notified Citizens Insurance on June 11, 2021, it would be filing the motion to compel and motion for sanctions if Citizens Insurance did not provide the disclosures.[3] In its response to this motion, Citizens Insurance does not provide any substantive argument as to why its Rule 26(a) disclosures were never made nor why it did not respond to Defendants' multiple communications regarding the disclosures. (Doc. No. 49 at 3-4).

Rule 26 *requires* a party to provide certain information or disclosures to the other parties in the action "without awaiting a discovery request." Fed. R. Civ. P. 26(a)(1)(A) (emphasis added). Because Citizens Insurance joined this lawsuit late, it had to make the "initial disclosures within 30 days after being served or joined." Fed. R. Civ. P. 26(a)(1)(D). Citizens joined the lawsuit on November 8, 2019, but has still never made the required disclosures. Defendants' motion to compel production of the Rule 26(a) disclosures is granted. Citizens Insurance shall produce the required Rule 26(a) disclosures within 14 days of the date of this opinion.

C. **MOTION FOR SANCTIONS**

Accompanying Defendants' motion to compel was a request for sanctions pursuant to Rule 37. (Doc. No. 47 at 16). Under Rule 37(a)(3)(A), "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A). Furthermore, when a party fails to make its Rule 26 disclosures, "the party is

---

[3] Counsel for Plaintiffs was copied on the May 28, June 7, and June 11, 2021 correspondence with Citizens Insurance. (*See* Doc. Nos. 47-4 through 47-6; *see also* Fed. R. Civ. P. 37(a).

6

not allowed to use that information or witness to supply evidence. . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

The burden of proving the violation was substantially justified or harmless rests with the potentially sanctioned party. *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003). "[T]he phrase substantially justified has been generally interpreted to mean justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Consumer Fin. Prot. Bureau v. Borders & Borders, PLC*, No. 3:13-CV-1047-CRS, 2016 WL 9460472, at *5 (W.D. Ky. June 29, 2016) (internal quotation omitted). While in the context of Rule 37, harmlessness involves "an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Id.* (quoting *Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003)).

In determining if the failure is substantially justified or harmless, district courts are to analyze the following five factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe v. City of Akron,* 801 F.3d 718, 748 (6th Cir. 2015).

But "a word of caution: District courts have broad discretion in applying these [*Howe*] factors and need not apply each one rigidly. The factors simply lend themselves to the task at the heart of Rule 37(c)(1): separating honest, harmless mistakes from the type of underhanded gamesmanship that warrants the harsh remedy of exclusion." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (citation and internal quotation marks omitted).

Citizens Insurance failed to address most of these factors in its opposition. The only explanation it provided for its failure was that Defendants did not demand the disclosures prior to May 28, 2021. (*See* Doc. No. 49 at 3). This is an insufficient justification for its Rule 26 violation because Citizens Insurance's duty to disclose existed independent of Defendants' actions. But even

so, Defendants twice requested Citizens Insurance disclose the required information and yet, Citizens Insurance never made the disclosures or even responded to the communications. The failure to comply with Rule 26(a) appears solely attributable to Citizens Insurance's own negligence. This blasé attitude towards its mandatory disclosure obligation and absence of argument or justification for this failure displays a lack of respect for both the resources of this Court and the other parties.

Further review of the *Howe* factors is difficult, as the "evidence" at issue has not yet been disclosed. But considering the facts of this case, it is likely some of this evidence – such as the amount of reimbursement requested – would be central to Citizens Insurance's claim and is not likely to be a surprise to the other parties at this stage in the litigation. In this instance, alternative sanctions would appear more appropriate. *See* Fed. R. Civ. P. 37(c)(1); *see also Howe*, 801 F.3d at 747. Nevertheless, this Court's Local Rules state that discovery disputes "shall be referred to a Judicial Officer" before a party files a formal motion to compel. Loc. R. 37.1(a)(1). Defendants did not do so, even though if they had, they would have avoided incurring any attorney's fees with respect to a motion to compel and a motion for sanctions. Because Defendants failed to comply with the Local Rules, I conclude they are not entitled to sanctions.

## IV. CONCLUSION

For the reasons stated above, I deny Defendants' Motion for Summary Judgment without prejudice and I also deny the Motion for Sanctions; but I grant Defendants' Motion to Compel. (Doc. No. 47). Citizens Insurance is required to make its Rule 26(a) disclosures to all parties within 14 days of the date of this Opinion and Order.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

8